

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-1744
Re:  Payment of court costs out
of State Highway Funds.

By your letter of November 28, 1939, you ask the
opinion of this department upon the following questions:

1.  May costs incurred in the defense of the
suit brought by Mrs. J. W. Taylor against the State High-
way Department and the State of Texas for damages be paid
from the State Highway Fund?

2.  In paying witness' fees, what amount should
be paid to a witness appearing for the State in the Dis-
trict Court in such case?

3.  Should a warrant issue to the witness direct
in payment of his witness fees, or should the warrant is-
sue to the County Clerk in payment of court costs and the
Clerk, in turn, pay the witness?

House Concurrent Resolution No. 39, Acts of the
Forty-fifth Legislature, authorizes Mrs. J. W. Taylor to
bring suit against the State of Texas and the State High-
way Department in McLennan County for the purpose of de-
termining the compensation or damages, if any, she may
be entitled to recover by reason of damage to her lands,
crops, and personal property on said lands, claimed to
have been occasioned by the acts of the State Highway De-
partment, in carrying out improvements on State Highway
No. 2, resulting in changing the course of and diverting
storm waters and the waters of Brazos River on and across
her land.  This resolution provides that:  "Any damages
or compensation therein determined to be owing the said

Mrs. Joe V. Taylor, by the State of Texas or by the State Highway Department of Texas, shall be paid out of the State Highway Fund;" and, also, "that the Comptroller be, a and is hereby authorized and instructed to settle same in compliance therewith, and charge same against the State Highway Fund;" and, still further, "that any such suits shall be tried according to the same rules of law and procedure as to liability and defense of the State of Texas and the State Highway Department of Texas that would be applicable if such were brought against any private corporation under the same facts and circumstances as provided by the laws of this State; . . ."

S. B. 427, Acts of the 46th Legislature, the departmental appropriation bill, provides:

" . . . All funds or balances of funds on hand September 1, 1939, and all funds coming into the State Highway Fund, and derived from registration fees or from other sources, after deducting the total of the specific appropriation herein made, are hereby appropriated to the State Highway Department for the establishment of a system of State highways and the construction and maintenance thereof, as contemplated and set forth in said Chap. 1, Title 166, and Chap. 186, Gen. Laws of the regular session of the 39th Legislature, and amendments thereto."

The Highway Fund is thus appropriated to the State Highway Department for the establishment, construction and maintenance of State highways. The appropriation is available for all items of expense involved in the establishment, construction and maintenance of such highways. The suit authorized to be prosecuted by Mrs. Taylor is predicated upon damages claimed to have been occasioned by the action of the Highway Department in constructing and maintaining such a State highway. The resolution contemplates, of course, a defense of such action in the courts by the Highway Commission, and the payment of the judgment rendered, if any, out of the State Highway Fund. It contemplates rendition of judgment against the Highway Department for costs, as well as for the amount of damages, if the court finds liability. It is well settled in this State that the State, when it enters its courts as a suitor, subjects itself to liability for costs.

Expenses incurred in defending lawsuits for damages claimed to be occasioned by the act of the Highway Department in constructing and maintaining a State highway are reasonably and necessarily to be considered as a part of the costs involved in constructing and maintaining such highway, and such expenses are properly payable out of the Highway Fund. They are as much a part of the expenses involved in establishing, constructing and maintaining State highways as are the expenses incident to the acquisition of rights-of-way through condemnation proceedings brought by the Highway Commission, the payment of actual damages occasioned by the taking of private property for State highway purposes by the Highway Department, or expenses incurred in an adjustment of a claim for damages, such as the instant one, on the basis of the settlement out of court.

Your first question is therefore answered that the Highway Fund is available for the payment of the court costs involved in defense of the lawsuit to which you refer.

Your second question cannot be answered categorically, for the reason that you do not give sufficient facts. If the ordinary witness is involved, the fees are properly chargeable as court costs, and the amount to be paid such a witness is governed by the statutes generally applicable to the fees of witnesses appearing in civil cases. The amount due will be reflected by the cost bill prepared and submitted for payment by the clerk of the District Court in which such case is filed. In case any doubt appears as to the correctness of the cost bill, such cost bill should be submitted to this department for examination. On the other hand, if you refer to fees to be paid expert witnesses, hired especially by the State Highway Department to appear as witnesses in this particular case, which fees are not properly chargeable as court costs under the laws generally applicable to civil cases, then in that instance you are advised that the amount to be paid such a witness appearing for the State at the instance and request of the State Highway Commission will be governed by the amount stipulated in the contract entered into between the State Highway Commission and such witness relative to the amount of fee to be paid him for his services.

Likewise, a categorical answer cannot be given with reference to your third question. If the witness is

an expert witness contracted with by the State Highway Department to appear as a witness in the case, the amount of his compensation for such services not being properly chargeable as court costs under the general laws applicable, the warrant for such a fee should issue to the witness direct. On the other hand, if the ordinary witness is involved, whose fee is properly charged as an item of court costs to be shown in the cost bill prepared and presented for payment by the clerk of the court in which the suit is filed, the warrant for the payment of such court costs should issue to the clerk of the court, who will arrange payment of the witnesses in accordance with the laws governing his action in such matters.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By                    *R. W. Fairchild*

R. W. Fairchild
Assistant

RWF-MR

APPROVED DEC 11, 1939

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN